Hough, J.
From the record we find that the court of appeals made the following final journal entry:
“Find error in that the verdict and judgment are contrary to law. Judgment reversed at costs of *168 defendant in error and cause remanded with, direction to discharge the accused. Exceptions saved. The statute offended against is clear violation of Article I, Section 11, of the Constitution of Ohio, for the reason that the requirement of the presence .of the name of a voter constitutes a restraint within the intent of said constitutional provision. Such requirement exceeds the responsibility comprehended by said provision.”
From the above entry it is clear that the court of appeals reversed on the sole ground of unconstitutionality of Section 13343-1, General Code, and it is that question with which we have to deal here. The section reads as follows:
“Whoever writes, prints, posts or distributes, or causes to be written, printed, posted or distributed, a circular or advertisement which is designed to promote the election of a candidate, or to injure or defeat any candidate for election at any primary or any general election, or to influence the voters in any primary or any general election, or to influence the voters on any constitutional amendment, unless there appears on such circular or poster, or advertisement, in a conspicuous place, either the names of the chairman or secretary, or of two officers, of the organization issuing the same, or of some voter who is responsible therefor, with his name and address, shall be guilty of a misdemeanor,” etc.
The court of appeals was of the opinion that the application of the provisions of that section would work a restraint of the liberty of speech guaranteed by the constitution. Section 11, Article I, Bill of Rights, reads as follows :
“Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible *169 for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.”
From the time of the inception of our government, and consistently throughout the history of our jurisprudence, the courts have protected the constitutional personal guaranties set out in Article I, Bill of Bights. Legislative enactment may not encroach upon these inherent and substantial rights, but only exert its authority in the administration of those rights through and by means of reasonable regulation thereof. In the administration of the affairs of government, laws have been passed under the various state constitutions, and upheld by the courts of those states, regulating the application of those guaranteed rights, for the purpose of effecting uniformity of and justice in administration of government, and protecting the public at large from the fraudulent, immoral and degrading influences of those evilly inclined. Likewise laws passed by congress directed toward regulation in the application and enjoyment of the similar personal rights saved to the individual by the provisions of the federal constitution have been sustained by the federal courts. As an instance among many the United States Supreme Court in In re Rapier, 143 U. S., 110, held that congress may refuse the facilities-of the mails for the distribution of matter deemed injurious by congress to the public morals, that the right to operate a lottery is not a fundamental right infringed upon by such regulatory legislation and that by such enactment congress cannot be held to have abridged the freedom of the press.
In this state, in a long line of decisions by this court, the principle has been recognized; and laws, *170 enacted to regulate the method of applying and enjoying the guaranties of the constitution, have been upheld to protect the public and sovereign entity from the undermining influences of fraud, crime and immorality. The announcement of the principle and the analysis of the underlying reasons may be found in such cases as Lehman v. McBride, 15 Ohio St., 573, and Monroe v. Collins, 17 Ohio St., 665. In the case of Daggett v. Hudson, 43 Ohio St., 548, the court held that the legislature had power to pass a law compelling the registration of voters, and that if such legislation were reasonable and impartial it would be held free from constitutional impairment; and in the case of State, ex rel. Plimmer, v. Poston, 58 Ohio St., 620, a law imposing terms of regulation in the enjoyment of a constitutional privilege was held to be constitutional.
In the case of State, ex rel. Weinberger, a taxpayer, v. Miller, 87 Ohio St., 12, this court held to be constitutional an act to provide for the election of judicial officers by separate ballot.
It will be noticed from the language used in Section 11, Article I, that the right does not become an unlimited one without responsibility for consequences, because there is contained therein the phrase, “being responsible for the abuse of the right. ’ ’
The question then before us is whether the act of the legislature serves to restrain or abridge the liberty of speech, or whether it is intended to serve simply to the end of fixing the responsibility for the abuse of the right; and, if the latter is the true aim, whether the attempt to so fix responsibility is a fair, impartial, and reasonable one.
*171 The constitutional guaranty includes “every citizen,” The statute includes “everyone,” because it says “Whoever,” thus applying to every citizen and every other person. Therefore, so far as the class to whom the law applies is concerned, there is no restriction or limitation.
Paraphrasing that part of the statute which is in point in this discussion it would read like this:
“Whoever writes or prints a circular or advertisement, either to assist or injure a candidate for election, must place thereon in a conspicuous place either the name of someone belonging to the organization issuing the same, or some voter who is responsible therefor.”
The legislature has specified a class, namely “any voter,” whose name must appear on the circular or advertisement, and this, we doubt not, for the purpose of making someone responsible for the abuse of the right, to prevent unjustifiable, unwarranted, untrue, and anonymous statements. The class named is large, including substantially every citizen that has arrived at the voting age. It includes the candidate himself, because to be eligible as a candidate he must be a voter. It excludes those citizens who are minors. The exclusion of the minor from becoming the person to stand sponsor for the statement, circular, or advertisement, and to become responsible therefor, is not a restraint or abridgment of the right of free speech, but merely a regulation to prevent anonymous statements that might easily result in fraudulent and corrupt practices. There is here no impairment of the constitutional guaranty saved by Section 11. Article I of the Constitution of Ohio, and the act is constitutional.
*172 The judgment of the court of appeals is therefore reversed, that of the common pleas court is affirmed, and the cause is remanded to the latter court to effect this judgment.

Judgment reversed.

Marshall, C. J., Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.